# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| GERALD GRANT | CIVIL ACTION NO. 5:12-cv-0576 |
|     LA. DOC #378176 | |
| VS. | SECTION P |
| | |
| | JUDGE ELIZABETH ERNEY FOOTE |
| WARDEN, NATCHITOCHES | |
| PARISH DETENTION CENTER | MAGISTRATE JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Gerald Grant filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on March 2, 2012. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections; he is incarcerated at the Natchitoches Parish Detention Center. Petitioner attacks his 2003 conviction for attempted armed robbery and the 25-year hard labor sentence imposed thereafter by the Twenty-Sixth Judicial District Court, Bossier Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

Petitioner was arrested and charged with armed robbery on December 17, 2000. On September 23, 2000, he pled guilty to the reduced charge of attempted armed robbery. In addition to the reduction of the charge from armed robbery to attempted armed robbery and the concomitant reduction of sentence exposure, the plea agreement provided that the state would refrain from prosecuting petitioner as an habitual offender and he would be permitted to remain

free on bond pending sentencing at a later date.  There was no other agreement as to sentencing except that the Court ordered a Pre-sentence Investigation report. [Doc. 1-3, Exhibit B, pp. 8-21, transcript, plea colloquy]

On November 28, 2006, petitioner was sentenced to serve 25-years at hard labor. [*Id.*, Exhibit C, pp. 22-31, transcript, sentencing] Petitioner appealed to the Second Circuit Court of Appeals arguing excessiveness of sentence. On September 19, 2007, the Court of Appeals affirmed his conviction and sentence. *State of Louisiana v. Gerald Grant*, 42,470 (La. App. 2 Cir. 9/19/2007), 965 So.2d 977.  Petitioner did not seek further direct review in the Louisiana Supreme Court. [Doc. 1, ¶9(g)]

On December 22, 2009, petitioner filed an application for post-conviction relief in the Twenty-Sixth Judicial District Court claiming ineffective assistance of counsel.  On January 7, 2010, his application was dismissed as untimely. [Doc. 1, ¶11(a)] On October 25, 2010, petitioner filed a second application for post-conviction relief in the District Court. Therein he claimed "newly discovered evidence that supports the original claim of ineffective assistance of counsel."  The application was dismissed on November 8, 2010, as repetitive and untimely. [Doc. 1, ¶11(b)] On February 2, 2011, petitioner, through counsel, filed a motion for an out-of-time appeal of the ruling dismissing the application for post-conviction relief.[1] [Doc. 1-3, Exhibit G, pp. 39-42] That motion was denied on March 4, 2011. [Doc. 1, ¶11(c)] Petitioner did not seek

---

[1] Petitioner did not provide a copy of the judgment denying the motion for an out-of-time appeal; nor did he state the reasons cited by the district court in denying the motion. However, it should be noted that under Louisiana law, "The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief... No appeal lies from a judgment dismissing an application or otherwise denying relief." LSA C.Cr.P. art. 930.6(A).

further review in the Supreme Court of the denial of his applications for post-conviction relief or the denial his motion for out-of-time appeal. [Doc.1, ¶11(d)]

Petitioner signed his petition for *habeas corpus* on February 29, 2012; it was received and filed on March 2, 2012.  Petitioner argues a single claim for relief – ineffective assistance of trial counsel.[Doc. 1, ¶12][2]

### *Law and Analysis*

### *1. Limitations – §2244(d)(1)(A)*

Title 28 U.S.C. § 2244(d)(1) (as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are  in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

------

[2] Petitioner also argues the denial of the right to an out-of-time appeal of the denial of his second application for post-conviction relief. [see Doc. 1, ¶12, Ground Two] However, upon closer scrutiny, it appears that this issue is mentioned in the body of his petition as the reason for petitioner's failure to exhaust state court remedies with regard to his ineffective assistance of counsel claim.  Petitioner's memorandum in support of his *habeas corpus* petition confirms that he intends to raise and litigate only the ineffective assistance of counsel claim. See Doc. 1-2, p. 3, "Gerald Grant comes before this court raising a claim of ineffective assistance of counsel ..."

[3] The pleadings and exhibits do not suggest that any State created impediments prevented the filing of this petition. Further, the claims asserted do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. [See 28 U.S.C. § 2244(d)(1)(B) and, (C)]

Petitioner implies that he is entitled to reckon the limitations period as provided  by the provisions of §2244(d)(1)(D), "... the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Limitations pursuant to that subsection is discussed in Part 2, below.

3

The statutory tolling provision of 28 U.S.C. § 2244(d)(2)  provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.   *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [*Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

On September 19, 2007, petitioner's conviction and sentence were affirmed by the Second Circuit Court of Appeals. *State of Louisiana v. Gerald Grant,* 42,470 (La. App. 2 Cir. 9/19/2007), 965 So.2d 977.  Petitioner did not seek further direct review in the Louisiana Supreme Court. [Doc. 1, ¶9(g)] Petitioner's judgment of conviction "became final by the ... expiration of the time for seeking ...  [direct] review" [28 U.S.C. § 2244(d)(1)(A)], 30 days later, or on or about October 19, 2007, when the 30 day period for seeking a writ of review as provided by Louisiana Supreme Court Rule X, §5(a)[4] expired.

Since petitioner's judgment of conviction became final for AEDPA purposes on or about October 19, 2007,  petitioner had one year, or until October 19, 2008, to file his federal *habeas corpus* petition.

---

[4] Rule X, §5(a) provides in pertinent part, "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ...shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

4

Petitioner could not avail himself of the statutory tolling provisions of §2244(d)(2) because by the time he filed his first application for post-conviction relief on December 22, 2009, the AEDPA limitations period had already expired. As noted above, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court must be counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).  Thus, if limitations is calculated pursuant to §2244(d)(1)(A), the instant petition is clearly time-barred.

### 2. Limitations –  §2244(d)(1)(D)

Petitioner implies however, that the AEDPA's 1-year period of limitations should be reckoned in accordance with the provisions of §2244(d)(1)(D) – "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  He implies that he subsequently discovered that his trial attorneys, F. Scott Straub and James Dewey Hood, were not "active member[s] in good standing of the Louisiana Bar Association." Plaintiff apparently discovered this fact sometime before October 25, 2010, when he filed his second application for post-conviction relief relying on "newly discovered evidence that supports the original claim of ineffective assistance of counsel." [Doc. 1, ¶11(b)] That claim was rejected by the Twenty-Sixth Judicial District Court on November 8, 2010, and thereafter, petitioner was unable to obtain review of his claim in the Louisiana courts.

In any event,  pursuant to §2244(d)(1)(D), limitations is not reckoned from the date that "newly discovered evidence was discovered," nor from the date that a *habeas* petitioner <u>actually discovered the factual predicate of his claim</u>, but rather the date the factual predicate "... <u>could have been discovered in the exercise of due diligence.</u>"

5

In this instance, petitioner was aware of his claim of ineffective assistance of trial counsel at the time of sentencing on November 28, 2006, because prior to that date, counsel from the Bossier Parish Indigent Defenders Office had been appointed to represent him at sentencing. Indeed, counsel advised the Court prior to sentencing, "Your Honor, Mr. Grant is here and he's present for sentencing. He was appointed to the Indigent Defender's Office to represent him on remand... However, before the Court proceeds, I would orally move that Mr. Grant be allowed to withdraw his guilty plea for the following reasons: <u>Mr. Grant believes that his prior counsel was ineffective at the time that he entered his guilty plea and that he believe his prior counsel did not share any discovery with him; merely discussed sentencing ranges with him, and that for that reason, Mr. Grant felt that he was pressured into taking this guilty plea.</u> And that's the basis for making this motion to withdraw his guilty plea." [Doc. 1-3, Exhibit C, p. 24] In other words, petitioner was aware of the factual predicate of his claim of ineffective assistance of counsel on November 28, 2006, and that date predates the date of finality of judgment as noted above.

Petitioner is not entitled to reckon the limitations period as provided by §2244(d)(1)(D). His *habeas corpus* petition is time-barred since more than 1-year elapsed un-tolled between any of the events listed in §2244(d)(1) and the date he filed his petition.

### 3. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks

omitted).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336,  127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case.  It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

Further, petitioner has not been diligent herein. He allowed almost one full year to elapse between the date his motion for out-of-time appeal was denied and the date he filed this petition.

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and if so,  he is encouraged to provide evidence and argument to support any claim of equitable or statutory tolling.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved

by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, May 4, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE